THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* HÉCTOR LUIS GUZMÁN SANTOS, Defendant and Appellant.

No. Cr–62–75.   Decided December 18, 1962.

*José R. Freyre Montero* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Juan A. Faría, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM.

Appellant was found guilty of forgery. He was charged with having forged the signature of Erasmo Brañas Nieves in several checks drawn against the Chase Manhattan Bank, Río Piedras Branch. There were two checks and both were drawn in favor of a certain Carmelo Vélez. One day defendant personally went to the bank to cash the first check. He was asked for identification and he presented the selective service card of Carmelo Vélez. They cashed the check which was for the amount of $450. Next day he returned with another check drawn in favor of the same Carmelo Vélez, this time for $665. The bank had already noticed the forgery and when he came with the second check, and was told that a problem had arisen as to the signature, for which reason they had to call the drawer, Erasmo Brañas, the defendant went out running. The bank's private guard pursued and detained him. They notified the police. Defendant was taken to headquarters where the inquiry began. Then he was taken to a prosecuting attorney.

One of the witnesses for the prosecution, an employee of the bank, testified that defendant admitted during the first stage of the inquiry at headquarters, that the signature of Erasmo Brañas which appears in the check was forged, that he had stolen the blank checks and that he had filled them out. Defendant challenged that confession. He

alleged that he had not confessed such a thing. The prosecuting attorney introduced evidence as to the voluntariness of the confession which was first heard in the absence of the jury. Then it was repeated before the jury and it decided the conflict. The witness who testified concerning defendant's confession, the signature and the occasion in which it was made, stated that the police did not employ violent methods nor forced appellant when they questioned him as to the occurrences. The latter also admits that he was not ill-treated, but alleges, and the witness for the prosecution so ratifies, that during the investigation he was ordered to undress in order to search his clothes. He did so, being left in his underwear. This fact does not invalidate as a question of law the voluntariness of the confession. Defendant's own testimony in the incident of voluntariness of the confession shows that this incident had no effect whatsoever in his attitude. His position, as we stated before, was to the effect that "I did not make any confession there."

Defendant did not introduce evidence in his defense. The jury found him guilty. On appeal he assigns three errors: 1. Failure to instruct the jury to the effect that it is the prosecuting attorney who has to prove and establish the voluntariness of the confession; 2. Failure to give instructions on coercion respecting voluntariness, and 3. Having instructed the jury in the sense that defendant escaped, "when it was the jury who should have determined whether or not the fact that defendant left the place constituted an escape."

An examination of the instructions shows that none of the errors assigned by appellant were committed.

As to the first error, aside from the fact that defendant's contention was not that the confession was involuntary but that he had not made any confession, the prosecuting attorney introduced evidence as to the voluntariness and the judge instructed the jury in the sense that "for the jury to be able to consider a confession introduced in evidence by the prose-

cution it is necessary that the jury be convinced beyond reasonable doubt, that it is a voluntary confession. For the purposes of determining whether or not it is a voluntary confession, the jury should consider all the circumstances of the evidence introduced in court, before the court to those effects."

■ Respecting the second error appellant maintains that "the jury should be given a norm as to what may constitute an indication of coercion." The judge instructed as follows: "A confession should not be obtained by means of physical coercion, by means of violent procedures, by means of moral and emotional coercions to which a person may be subjected. If in this particular case, the confession was the object of, or was obtained by coercion, if the jury reaches the conclusion that the confession was obtained by means of physical coercion, that is, that defendant was beaten or physically ill-treated, or by means of threats or by means of moral coercions, then the jury should not take the confession into consideration and should reject it in its entirety. There is moral coercion when the person has been subjected to influences of such nature that the mental power of a person to resist is shattered."

■ Considering the third error assigned, the judge actually informed the jury that they were to decide whether or not defendant tried to escape. This is the instruction on that point: "In this particular case the prosecuting attorney has introduced evidence of a subsequent escape by defendant. The mere fact that a person escapes is not in itself sufficient to find a person guilty of the crime he is charged with, but whether a person escapes or not, *if the jury finds as a question of fact that defendant did escape, or tried to escape, in that case it is a situation which the jury may consider* for the purposes of helping themselves insofar as it may show the existence of a guilty conscience on defendant's part." (Italics ours.)

The judgment appealed from will be affirmed.